## HALL vs. WOOD.

1. STATUTE OF FRAUDS. — Where one, in consideration that another will sell and deliver property to a third party, promises to pay such other person, that he will pay him for the same, and it is delivered on the faith thereof, his promise is an original undertaking, and not within the statute of frauds, as being a promise to answer for the debt of another.

2. SAME. — In such cases the real question is, to whom the credit was given, whether to the party to whom the property was delivered, or to the party promising to pay for it, and if to the latter, then his promise is an original undertaking and not within the statute.

(4 Chand., 36)

ERROR to the County Court for *Washington* County.

This was an action for the recovery of the price of a yoke of oxen claimed to have been sold by *Wood* to *Hall*, and in reference to which the defendant *Hall* claimed that they were sold by *Wood*, the plaintiff, to one Bullard; and that the alleged promise of *Hall* to pay for them was void under the statute of frauds, as being a promise to answer for the debt of Bullard. The proof was clear that at the time of the sale, *Hall* told *Wood* that if he would let Bullard have the oxen, he, *Hall*, would pay him for them, and that *Wood* would not let Bullard have them until *Hall* had agreed to pay him for them. Such other facts as are material are stated in the opinion of the court.

*Pierce & Stanford*, for plaintiff in error, to show that the promise of *Hall* was void and within the statute of frauds, cited *Farley v. Cleveland*, 4 Cowen, 432 ; *Watson v. Randall*, 20 Wend., 201; 4 Johns., 422; 12 id., 291 ; 3 id., 210 ; 5 East, 10 ; 15 Wend., 182 ; 5 Hill, 483 ; that it was conditional and should have been declared on as such. 1 Chitty Pl., 308, 309 ; *Bowers v. Winters*, 7 Cowen, 263 ; 6 Wend., 394; 10 Johns., 418 ; 7 id., 321.

*A. M. Blair*, for defendant in error, contended that the promise of *Hall* was an original undertaking, and not within the statute, and cited Cowper, 227 ; *Leonard v. Vredenburg*, 8 Johns., 39 ; *Skelton v. Brewster*, id., 376 ; 13 Wend., 122 ; 2 Comst., 533 ; 10 Johns., 242, 412; 11 id., 221; 17 id., 114; that the question was, to whom the credit was given, and that the testimony clearly showed that it was given to *Hall* and not to Bullard, and he also cited *Barker v. Bucklin*, 2 Denio, 45 ; *Mathew v. Perry*, id., 162.

KNOWLTON, J. This was an action of assumpsit commenced before a justice of the peace in Washington county, for the recovery of $80, the price of a yoke of oxen, by the defendant in error against the plaintiff in error. The pleadings before the justice are as follows, to wit: The plaintiff declares for the pay of one pair of oxen the amount of eighty dollars, which amount was now due him from defendant for said oxen. The defendant pleaded for a nonsuit on the ground that he did not owe plaintiff, and under the statute, not liable for that amount. Also pleaded that it was a special promise to answer for a debt of another person, and not in writing. The justice rendered judgment in favor of the defendant in error, the plaintiff below, for the sum of eighty dollars and costs of suit. The plaintiff in error appealed from that judgment to the county court of Washington county. Upon the hearing of the cause in said county court, judgment was rendered for eighty dollars and costs of suit, taxed at $41.60, in favor of the defendant

in error against the plaintiff in error.    From this judgment of the county court, error is brought to this court.

The errors relied on by the plaintiff in error for the reversal of the judgment of the county court are:

1. Because the agreement by *Hall*, plaintiff in error, was a special promise to answer for the debt of another, and hence void by the statute of frauds.

2. The agreement by *Hall*, if good to bind him, was a special and conditional one, and therefore should have been declared on specially.    And the testimony is insufficient to sustain the common count in assumpsit for goods sold.

3. The testimony of Conrad Bullard should have been rejected, as he was interested to fix the liability of plaintiff in error.

4. The proof is that *Hall* was not to pay for the cattle until the completion of a bridge, and the bridge was not completed at the time of the trial of this suit in the court below.

5. The testimony shows a variance between the declaration and contract sought to be recovered upon.

Now, the test of the first point is to whom was the *original credit given*.    If it was given to Bullard, then the position was well taken; but if it was given to *Hall*, the case does not come within the statute of frauds.    It is clear from all the evidence reported to this court that when *Wood* sold the oxen, he would not take Bullard for the payment, and would only let them go on condition that *Hall* would pay for them.    There is no conflicting evidence or testimony upon this point in the case. *Wood* evidently never intended to look to Bullard for payment, but always held *Hall* as the only one responsible to him.    *Hall* himself acted upon this impression.

We cannot see by what mode of reasoning a conclusion can be arrived at that this contract is within the statute of frauds. It was clearly an original contract and valid.    This is the main point in the case.    We consider the declaration clearly sustained by the evidence in the case.    The 2d, 3d, 4th and 5th

errors assigned are entirely annihilated — too feeble when applied to the law and evidence of the case, to need any reply in this place. We think they are without foundation in law and in fact.

We see no error in the judgment of the court below, and are are of opinion that the same be affirmed, with costs.

Judgment affirmed.