By the Court. Bosworth, J.
This action was brought to recover of the defendant for goods famished to his brother. *207 The referee’s report finds the facts to be, that the goods were purchased by the defendant, and that the credit was given exclusively to him. The defendant moves for a new trial on the ground that the verdict is against evidence, and insists that the evidence shows, credit was given to Joseph Crolius, and that the promise of the defendant was collateral, and not being in writing is void by the statute of frauds.
It is uncontradicted that the four bills first furnished to Joseph Crolius were obtained on written orders of the defendant directing them to be charged to himself; that they were so charged, and that the bills of them were made out against the defendant as the purchaser.
It was testified on behalf of the plaintiff, that after the goods nanled in the written orders had been furnished and before any others had been delivered, the plaintiff expressed to the defendant his unwillingness to deliver goods to Joseph without proper security. The defendant replied that the plaintiff might deliver goods to his brother Joseph, and “ he himself would be responsible for the amount of all bills for goods sold and delivered.”
This promise having been made, the plaintiff continued to furnish goods to Joseph and charge.them to the defendant, from about the middle of June, 1849, to the 21st of Feb. 1850, amounting in the aggregate to about $1100.
Joseph Ceolius, a witness on behalf of the defendant, testifies, that when he had paid for the goods obtained on the written orders, he did request the defendant to say to the plaintiff that he might let Joseph have goods, and he, the defendant, would be responsible for them. But he did not hear the defendant make such a promise to the plaintiff. That he was a stranger to the plaintiff when he first obtained goods on the written orders.
He further testified, that at about the middle of the account, he told the defendant he was buying goods of the plaintiff in the defendant’s name; some he had paid for and some he had not. In answer to this the defendant said, “ Joe, mind and pay Flanders.”
This is undoubtedly sufficient evidence until contradicted or satisfactorily explained to justify the conclusion of fact reached *208 by the referee, that the goods were bought by the defendant and the credit given exclusively to him, and that such was originally the understanding of the character of the transaction had by all the parties.
The cause seems to have been tried upon the assumption, that the goods were in fact charged to the defendant as they were delivered. They are spoken of by the book-keeper of the plaintiff and by Joseph Crolius- as having been so charged-Ho point appears among those furnished by the defendant on the argument before us, taking the ground that they were not proved to have been so charged, nor does any objection appear to have been made on the trial to the nature of the evidence given, that they were charged to defendant.
We concur in the opinion, that assuming the cause to have been tried on the assumption, as a conceded fact, that the goods in question when delivered were charged in the plaintiff’s books to the defendant, the referee was entirely justified by the evidence, in finding that the defendant was the purchaser and that credit was given exclusively to him.
The testimony tends to show that before any goods were delivered except those obtained on the written orders, the defendant who had authorized the delivery of these, and directed them to be charged to himself, told the plaintiff to let Joseph have more goods, and he would be responsible for such as should be furnished. The contract therefore was directly between the plaintiff and the defendant. We think it a significant fact that this arrangement was made after all the goods had on written orders had been furnished, and before any others had been delivered. When there is connected with this the further fact that Joseph informed his brother, while the account was running, that he was buying of the plaintiff in the defendant’s name, and the latter forbore to make any objection, the conclusion seems to be a just one, that all the parties understood and acted on the understanding, that the goods were furnished on the exclusive credit and responsibility of the defendant.
We do not think that the evidence relied upon as tending to show that credit was given to Joseph personally is of such a character as to overcome the effect of the evidence tending to prove that it was given solely and exclusively to the de *209 fendant, or to justify us in setting aside the report as against evidence.
The exception taken to the decision of the referee in- allowing the question to be answered, appearing at folio 16, was not argued, nor is it noticed in the defendant’s printed points, and we therefore regard it as having been abandoned.
The examination at the instance of the referee, appearing at folio 38, was undoubtedly made with a view to test the credibility of the witness, and for that purpose may have been proper. So point was made on the argument that the referee erred in admitting that evidence.
On the whole case we are of opinion that substantial justice has been done between the parties, and that the conclusions of fact found by the referee were warranted by the evidence.
The rule of law, on the facts as found by him, is accurately stated in his report. The motion for a new trial is denied, and the judgment entered is affirmed with costs.