By the Court. Slosson, J.
The charge to the Jury presented the questions, involved in this case, as favorably to the defendant as a correct exposition of the law admitted of, in respect to both claims, and under the charge, their finding is conclusive upon these points. 1st. That Mrs. Mead undertook the care and boarding of Hetzell, relying solely on the defendant’s promise that the expense thereof would be paid by him. 2d. That the plaintiff’s services were rendered on the faith of a like promise. This takes the case out of the statute.
It is impossible to say, from the amount of the verdict, at what *448 rate the board, lodging, and services of Mrs. Mead, or the services of the plaintiff were estimated. But as the Court charged that, unless she agreed to take Hetzell at a certain price per week, the defendant would be liable for what her services were really worth, and in respect to the plaintiff’s professional services, that the defendant would be liable for their fair value up to the time that he gave the plaintiff notice that he would be no longer liable, we must assume that the jury fixed the amount upon a principle which they considered the evidence to have warranted.
The assignor of the claim for board, &c., was Mr. Mead the •husband, and he was not examined. The examination of his wife as a witness, (which was proper) does not bring the case within § 399 of the Code. This is a sufficient answer to the exception to the ruling of the Judge excluding the offer of the defendant as a witness, and makes it unnecessary to decide whether the offer was too broad as not having been restricted in terms to “ the same matter,” to which Mrs. Mead had testified.
In respect to the requests to charge, made by the defendant’s counsel; the Court properly refused to charge the first, as it was for the jury to determine whether in fact the services were rendered solely upon the faith of the defendant’s promise or not, and the Court correctly charged the law in either alternative.
The second request was substantially charged.
It is not necessary that a party promising absolutely to pay for goods to be sold, or services rendered to another, should be under an obligation to pay, at the time he makes such promise. The question is, whether the goods are sold or services rendered, on the sole credit of the party so promising; if they are, the promise is not to pay the debt of another, but an original undertaking, and therefore not within the statute of frauds requiring it to be evidenced by a writing. The Court therefore properly refused to charge the third request. (Dixon v. Frazee, 1 E. D. Smith’s R. 32; Flanders v. Crolius, 1 Duer, 206.)
The fourth request was charged in substance.
In respect to the request to charge, that the plaintiff could only recover at the rate of charges as stated in his complaint, up to the time of the notice, it is sufficient to say, that the Court having instructed the jury that, “ if at any time the defendant gaye notice that he would not be liable, or that he denied all *449 liability, from the time of such notice there would be no claim on him for future services,” and the jury having found $500 only for both classes of service, it does not appear, which way they may have found the fact of notice, nor that they have exceeded in their verdict the amount claimed in the complaint as due for the board and nursing. The defendant is therefore not prejudiced by the omission or refusal of the Judge to charge that proposition specifically.
In respect to the request to charge that the plaintiff was limited as to Mead’s bill'to the amount of $120, contained in the bill sent over by McKinstry, the evidence shows that that bill was made out in March, whereas the services continued until June; the Judge therefore properly refused to charge that proposition.
The exceptions to the charge, we tbinlr unfounded. On the whole charge the law was correctly laid down to the Jury.
The judgment must be affirmed.