## SAMUEL MORGAN, Plaintiff, vs. PETER HALVERSON.

ERROR TO CIRCUIT COURT, COLUMBIA COUNTY.

Heard August 10.]                    [Decided September 26, 1859.

### Deposition—Evidence.

Where to the reading of a deposition which had been taken under the statute and offered to be used on the trial, it is objected that the reason for

taking the same no longer exists, it devolves upon the party offering it, the necessity of showing some good and sufficient cause, then existing, for using the same.

This was an action brought by the plaintiff against the defendant on a promissory note for $200, and interest at twelve per cent. given by the defendant to the plaintiff for the purchase of a horse. The answer set up a failure of consideration of the note. On the trial the plaintiff read the note in evidence, and then proved that there was due on said note, for principal and interest, the sum of two hundred and sixty dollars and twenty-seven cents.

The defendant, to prove the issue on his part, as a part of his evidence, offered the deposition of Neils S. Thompson, of Lodi, in said county of Columbia, taken in the month of March, 1858, before W. S. M. Abbott, a justice of the peace in and for said county, by virtue of a stipulation in writing annexed to said deposition; that the deposition might be read on the trial of this cause, with the same force and effect in all respects, as though the same had been taken on due notice, as required by law.

The cause for taking the deposition was on the ground that the witness was about to go out of the state and not to return in time for the trial, as certified by the justice in his certificate appended to the deposition. To the reading of which deposition the plaintiff's counsel objected, on the ground that the witness was, at the time of the offer, within the county of Columbia, and that the cause for taking the deposition no longer existed, and the plaintiff's counsel then and there proved, by the testimony of the defendant, that the witness was then in said county, and had not gone out of the state as he had expected. The defendant's counsel insisted upon the deposition being read on the trial of the cause, on the ground that the fact of the witness Thompson, then being in the county was unknown to the counsel, and had been from the taking of the deposition to the time of the objection raised, and, that so far as they knew, the cause of taking the deposition in fact existed, and they entered upon the trial with full expectation and belief that the same was admissible, and offered then and there to produce the witness, in twelve hours time, in court; and also stated that the counsel of the plaintiff was present at the taking of the deposition, and cross-examined the witness; but the plaintiff's counsel objected to such delay

Morgan vs. Halverson.

and insisted upon his objection, and thereupon the court decided that, under the circumstances of the case, the deposition was admissible—to which decision the plaintiff's counsel excepted.

The judge then charged the jury, who rendered a verdict for the defendant.

*B. S. Doty,* for the plaintiff, assigned for error:

1. The judge erred in admitting the deposition of Neils S. Thompson to be read in evidence by the defendant. 2. The defendant, on producing the deposition, did not show to the court any sufficient cause, then existing, for using it. 3. No deposition, under the statute, can be used when it appears that the reason for taking it no longer exists.

*S. U. Pinney,* for the defendant.

*By the Court,* COLE, J.   We think there can be no doubt but that the deposition of Neils S. Thompson was improperly admitted in evidence, on the trial of this cause.   It appears that the reason for taking it in the first instance, was that he was about to go out of the state, and was not to return in time for the trial.   But when the deposition was offered in evidence, it was objected to on the part of the plaintiff in error, upon the ground that the cause for taking it no longer existed, as the witness at the time of trial, was within the county.   And that such was the fact, was proven by the defendant in error, who testified that the witness was then in the county, not having left the state as he expected to do. Under these circumstances the deposition was clearly inadmissible.

Section 19, chap. 137, R. S., 1858, provides that " no deposition shall be used if it shall appear that the reason for taking it no longer exists; provided, further, that if the party producing the deposition in such case, shall show any sufficient cause, then existing, for using the deposition, it may

be admitted." This statute is quite explicit, and devolved upon the defendant in error the necessity of showing some good and sufficient cause, then existing, for using the deposition. This was not done, although it appears the defendant in error well knew that the reason for taking the deposition did not exist. The deposition should, therefore, have been excluded from the consideration of the jury.

The judgment of the circuit court is, therefore, reversed, and a new trial ordered.

DIXON, C. J., took no part in the decision of this case, having been of counsel.