By the Court, Monell, J.
The only question in this case is, whether the goods were sold and delivered on the credit of the defendant. The complaint alleged a sale and delivery to the defendant, which the defendant denied.
Herrick, who seems to have acted as the plaintiffs’ broker, testified that he had several interviews with the defendant. That the defendant told him his brother-in-law, Mr. Haskell, proposed to buy tobacco and segars to take west, and that he would bring or send him in. That Haskell afterwards selected the goods, and ordered them to be marked “ A. O. Radcliff, St. Louis, Mo.” and shipped. That the plaintiffs refused to ship the goods until they had the defendant’s consent to the goods being charged to him; that the witness went to defendant's house the same evening, and found him out; called the next day, and again on the evening of the second or morning of the third day, and saw him; that he said to the defendant, Mr. Haskell has bought the goods of the plaintiffs, and has had them charged to him ; that they did not feel like shipping the goods until the defendant was seen, and they knew it was cor *447 rect to charge them to the defendant. The witness said : “ I asked Mr. Radcliff, these goods are charged to you by Mr. Haskell’s order ; is that correct ?” He said, “ It is all right for this time, but I do not think this will continue long.” At the time of this conversation, the goods had not been shipped; they were still in the plaintiffs’ store. Nor had they then been charged to the defendant upon the plaintiffs’ books. One of the plaintiffs testified, that upon being informed by Herrick, that the defendant had consented to have the goods charged to him, they were so charged, and then shipped, as directed, to “ A. 0. Radcliff, St. Louis, Mo.”
There was some other evidence respecting a collateral note given to the plaintiffs by the defendant, to be applied upon the purchase.
If the goods delivered to Haskell were sold on the credit of the defendant, and charged to him, then the case is not affected by the statute of frauds. The defendant became the original debtor, and it was an original, and nót a collateral undertaking. (2 Parsons on Con. 301.) Such a promise, or undertaking, need not be in writing, nor need there be any special consideration to uphold it.
Whether the goods were sold on the credit of the defendant, was a question of fact, which, in my opinion, should have been submitted to the jury. There was some evidence, that the defendant consented to become responsible for the goods. He was told they were charged to him, and he said it was right for that time. A verdict against the defendant, on this evidence, would not, I think, be disturbed by the court. If so, then it was error to dismiss the complaint. (Hanford v. Higgins, 1 Bosw. 441. Graham v. O’Neil, 2 Hall, 476.)
It was attempted, on the argument, to attach some importance to the fact, that when Herrick said to the defendant that the goods were charged to him, and the defendant replied it was right for that time, the goods had not then been charged to the defendant. But the fact is unimportant. If the goods were sold on the defendant’s credit, it was enough to hold him. The mere charging the amount on the plaintiffs’ books would *448 not increase or lessen the "liability. To whom was the credit given ? is the material inquiry. The mis-statement.of an immaterial fact, unless it tended to deceive or mislead the defendant, would have no effect upon his engagement. It cannot be pretended that the defendant consented to become responsible for the goods, only because he was told they were charged to him. He could not be made responsible without his consent, and when he consented, the goods were charged to him. There is no pretense that any fraud was intended or practiced, and I cannot perceive that the fact alluded to can in any way change or affect the defendant’s liability.
I think the justice erred in not submitting the question to whom the credit was given, to the jury, and, therefore, that the order and judgment should be reversed, and a new trial granted, with the costs of the appellant on the appeals to abide the event.