## MORSE vs. BUGBEE.

DEPOSITIONS.  *Use of deposition at trial, where reason for taking it no longer exists.*

1. Under sec. 19, ch. 137, R. S. (which provides that "no deposition shall be used if it shall appear that the reason for taking it no longer exists"), where a deposition (material in the cause) had been taken for the reason that the deponent was about to leave the state, and was objected to at the trial on the ground that he was then in the state and within twenty-five miles of the place of trial, it was error to reject evidence of those facts, and receive the deposition.
2. Sec. 2, ch. 267, Laws of 1864, is entirely in harmony with this view.

APPEAL from the Circuit Court for *Grant* County.

The following statement of the case was prepared by Mr. Justice LYON as a part of his opinion.

On the trial of this action in the circuit court, the depositions of Thomas Bailey and Alfred Bailey, which had been taken before a justice of the peace, at the instance of the defendant, for the alleged reason that the deponents were about to leave the state, were offered as evidence on behalf of the defendant. The plaintiff, by his counsel, objected to the admission of the depositions, and proposed and offered to prove by witnesses then in court that neither of the deponents had left the state, but that both were within the county of Grant, where the cause was being tried, and within twenty-five miles of the place of trial. The circuit court refused to hear the offered proofs, overruled the objection, and admitted the depositions to be read as evidence to the jury. The depositions contain testimony material to the issue and adverse to the plaintiff.

Verdict and judgment for the defendant; and the plaintiff appealed from such judgment.

*Bushnell & Clark*, for appellant, to the point that the depositions objected to were improperly admitted, cited sec. 19, ch. 137, R. S.; *Morgan v. Halverson*, 9 Wis., 273; sec. 2, ch. 267, Laws of 1864.

*W. P. Dewey* and *Allen Barber, contra,* cited R. S., ch. 137, as amended by ch. 39, Laws of 1861; ch. 267, Laws of 1864.

LYON, J.  We think that the learned circuit judge erred in refusing to allow the plaintiff to show, if he could, that the reason assigned for taking the depositions did not exist at the time of the trial.  The statute provides that "no deposition shall be used, if it shall appear that the reason for taking it no longer exists."  R. S., ch. 137, sec. 19.  Very clearly it is competent for the adverse party to prove that such reason does not exist; and if he does so, the deposition cannot be used, unless the party at whose instance it was taken, and who produces the deposition, shall show that some other cause for taking it then exists.  *Morgan v. Halverson,* 9 Wis., 271.

It is said in argument, that the ruling of the circuit judge was made under the provisions of sec. 2, ch. 267, Laws of 1864, which reads as follows:  "All objections to the validity of any deposition, or its admissibility in evidence, shall be made before entering on the trial, not afterwards; but any deposition after the commencement of the trial may be suppressed, if any matter which is not disclosed in the deposition appears, which is sufficient to authorize said suppression."

Surely it was not disclosed in the depositions of the Baileys' that at the time of the trial they were in Grant county and within twenty-five miles of the place of trial; and the case does not come within the requirements of that statute in regard to the time when objections to depositions must be taken.  The provisions of section 2, above quoted, evidently apply only to cases where the grounds of objection to the validity of the deposition appear on the face of the deposition itself, and not to a case like the one under consideration.

We think there must be a new trial because of the error above mentioned, and we deem it unnecessary to decide the other questions raised and discussed by counsel.

*By the Court.*—Judgment reversed, and a *venire de novo* awarded.