## CHAMPION VS. DOTY.

STATUTE OF FRAUDS — SALE OF CHATTELS — EVIDENCE. *Delivery to* A *at* B's *request and upon his credit—Effect of charging the goods to* A.

1. If one sells goods and delivers them to A, at the request and *solely* upon the credit of B, the latter is alone liable, and his liability is not affected by the statute of frauds.
2. In an action against B for the value of the goods, the fact that they were charged in plaintiff's books to A, is *evidence,* but is *not conclusive,* that credit was given to A.
3. It is not necessary for plaintiff in such a case, in order to rebut the presumption arising from such a charge, to show that it was caused by mistake or fraud; but any explanation thereof consistent with the intention to give credit only to B, may be shown by evidence, and may be considered by the jury, in connection with the other evidence, in determining to whom the credit was given.

APPEAL from the Circuit Court for *La Fayette* County.

The following statement of the case was prepared by Mr. Justice COLE as a part of his opinion :

" This is an action to recover the value of a bill of goods and merchandise delivered by the plaintiff to one Sandford. The plaintiff, who is a merchant, claims and attempts to show that he sold and delivered these goods solely on the faith and credit of the defendant, who promised to pay for them, and that he refused to trust Sandford, not considering him pecuniarily responsible. It appeared in evidence that the goods were charged in the plaintiff's account books to Sandford, and not to *Doty,* the defendant. The plaintiff testified, in substance, that the reason why the goods were charged to Sandford on his books,

was, that *Doty* had an account for goods delivered to him, and that he kept the two accounts separate in order to tell what goods were delivered to Sandford and what to *Doty*, and that he relied wholly upon the credit of the latter for the goods delivered to both.

" On the trial, the plaintiff, among other things, asked the court to instruct the jury that he might show any reasonable and satisfactory explanation why the charges were made in his account books against Sandford, and not against *Doty*, and, if such explanation was reasonable and satisfactory in the opinion of the jury, then the fact that the charges were made against Sandford was not conclusive evidence either that Sandford was holden or that *Doty* was relieved from his liability; and such reasons should be considered by the jury in determining their verdict ; that it was not necessary that the plaintiff should prove absolutely either mistake or fraud in explaining the charges, so as to entitle him to a verdict, but that any reasons which were considered satisfactory to the jury were sufficient. This instruction the court refused to give, but did in effect charge, that the fact of the plaintiff's charging the goods upon his books to Sandford, was conclusive upon the question to whom the credit was originally given, and that, they being charged to Sandford, the debt was his ; and that the promise of the defendant, if actually made, did not create a liability, for the reason that it was a promise to answer for the debt of another, which, to be binding, must be in writing, expressing a consideration and subscribed by the defendant. "

Verdict and judgment for the defendant; and the plaintiff appealed.

*Orton & Osborn* and *H. S. Magoon*, for appellant, argued that if the fact of the goods having been charged to Sandford was conclusive evidence that it was not *Doty's* debt, then, in a suit by plaintiff against Sandford for the price of the goods, the same entry in plaintiff's books would be conclusive evidence against Sandford. Plaintiff had a right to charge the goods,

on his books in any manner deemed by him most convenient, and may show why he charged them as he did, and such charge is not conclusive against him. *Hazen v. Bearden*, 4 Sneed (Tenn.), 48; *Hetfield v. Dow*, 3 Dutch. (N. J.), 440; *Gardiner v. Hopkins*, 5 Wend., 24; *Homans v. Lambard*, 8 Shep. (Me.), 308; *Jolley v. Walker*, 26 Ala., 690. 2. The undertaking of *Doty* was an original and not a collateral one. *Chase v. Day*, 17 Johns., 114; *Williams v. Corbet*, 28 Ill., 262; *Brown v. George*, 17 N. H., 128; *Proprietors v. Abbott*, 14 id., 157; *Weyand v. Crichfield*, 3 Grant (Pa.), 113; *Dunning v. Roberts*, 35 Barb., 463; *Gardiner v. Hopkins*, 5 Wend., 23; *Flanders v. Crolius*, 1 Duer, 206; *Darlington v. McCunn*, 2 E. D. Smith, 411; *Hall v. Wood*, 4 Chand., 36; *Thayer v. Gallup*, 13 Wis., 542. Unless it clearly appears that the undertaking is collateral, it will be considered an independent and original one. *Briggs v. Evans*, 1 E. D. Smith, 192. 3. It was for the jury to determine, upon all the evidence, to whom the credit was actually given. *Doyle v. White*, 26 Me., 341; *Walker v. Penniman*, 8 Gray, 233; *Billingsley v. Dempewolf*, 11 Ind., 414; *Hanford v. Higgins*, 1 Bosw., 441.

*J. H. Clary* and *M. M. Cothren*, for respondent, contended that if any credit at all was given to Sandford, or a debt created against him in favor of the plaintiff, for the goods in question, defendant's verbal promise to pay for the goods was void. R. S., ch. 107, secs. 2 and 3; Browne on Frauds, 197, and cases there cited; *Matson v. Wharam*, 2 Term, 80; *Anderson v. Hayman*, 1 H. Black., 120; *Cahill v. Bigelow*, 18 Pick., 369. This would be so, no matter how little plaintiff expected that Sandford would pay the debt, and although the credit would not have been given to him but for defendant's promise, and plaintiff relied wholly upon this for payment. Browne, *ubi supra*. 2. Plaintiff had not shown any reasonable or satisfactory explanation of the fact that the goods were charged to Sandford if they were really sold to defendant; and therefore the instruction which he asked on that subject was properly re-

fused. 3. If the court did not err in directing a verdict for the defendant, the judgment will not be reversed for the refusal of instructions asked by plaintiff, even though they were correct. *Manny v. Glendenning*, 15 Wis., 50; *Ganson v. Madigan*, id., 145; *State ex rel. Field v. Avery*, 17 id., 672. 4. The law implies in plaintiff's favor, from the entries in his account book, that Sandford was liable on the account in question. It makes these entries evidence in plaintiff's favor. Will the policy of the law allow him to falsify these entries when his interest demands it? If so, it must be upon the clearest and most conclusive evidence, such as was not offered by him in this case. In the absence of proof of fraud or mistake in charging the goods to Sandford, the court was right in directing a verdict for defendant. 2 Parsons on Con. (5th ed.), 11.

COLE, J. We are of the opinion that the court erred in holding that the entries in the books were conclusive upon the question to whom the credit was originally given. The fact that the goods were charged to Sandford was a very strong circumstance to show that the credit was given to him, and that the plaintiff looked to him for payment in the first instance. But it was not conclusive upon that point, but might be explained and made entirely consistent with the assumption of the defendant's primary liability. *Hazen v. Bearden*, 4 Sneed (Tenn.), 48; *Swift v. Pierce*, 13 Allen, 136; *Walker v. Richards*, 41 N. H., 388, where this precise question is ruled. If the credit was given entirely to the defendant, or, in other words, if the sale was really made to him, then the statute of frauds does not apply, and the defendant is liable though the goods were delivered to Sandford. And the fact that the goods were charged to Sandford was competent evidence to show that the sales were made to him and upon his credit; but it was not conclusive. It was open to explanation. And the jury might have been satisfied by the explanatory evidence, that the goods were charged on the books to Sandford merely for convenience, in

order to distinguish between the goods furnished to *Doty* for his own use and goods furnished to Sandford, and that the goods were all sold on the credit and upon the promise of the defendant to be responsible and pay for them. In order to recover, plaintiff must show that the goods delivered to Sandford were so delivered at the defendant's request, and upon his absolute promise to pay for them. In this view the promise of the defendant would be an original undertaking, and Sandford would not be liable for the same debt. *Hetfield v. Dow*, 3 Dutcher, 440. It seems to us that the court erred in holding that there could be no reasonable and satisfactory explanation made why the charges in the account books were against Sandford, while the sale was really to the defendant and on his promise, but that the fact of the charges being so made was conclusive on the question to whom the credit was given in the first instance.

For these reasons we think there must be a new trial.

*By the Court.*— The judgment of the circuit court is reversed, and a *venire de novo* awarded.