### WEST and another vs. O'HARA and others.

*October 12 — October 31, 1882.*

STATUTE OF FRAUDS.    *Original or collateral agreement?*

Contractors to build a railroad agreed with merchants to pay orders and time checks issued by a subcontractor to his employees. Upon the faith of this agreement and giving credit exclusively to the contractors, the merchants accepted and received such orders and time checks in exchange for goods. *Held,* that the promise of the contractors was not within the statute of frauds.

APPEAL from the Circuit Court for *Green* County.

The case is stated in the opinion.    The defendants appealed from a judgment in favor of the plaintiffs.

For the appellants there was a brief by *Orton & Osborn* and *N. E. Tully,* and oral argument by *Mr. Orton:*

The alleged agreement in nowise released the drawer of the orders or the maker of the time checks from liability upon them.    This is the true test whether the promise was original or collateral, even though the real credit was wholly given to the surety or guarantor.    Brandt on Suretyship, sec. 62; *Matson v. Wharam,* 2 Term, 80; *Watson v. Randall,* 20 Wend., 201; *Birchell v. Neaster,* 36 Ohio St., 331; *Gill v. Herrick,* 111 Mass., 501; *Doyle v. White,* 26 Me., 341; *Richardson v. Robbins,* 124 Mass., 105; *Walther v. Merrell,* 6 Mo. App., 370; *Rose v. O'Linn,* 10 Neb., 364; *Brady v. Sackrider,* 1 Sandf., 514; *Hill v. Raymond,* 3 Allen, 540; *Dows v. Swett,* 120 Mass., 322; *Brightman v. Hicks,* 108 id., 246; *Cahill v. Bigelow,* 18 Pick., 369; *Tileston v. Nettleton,* 6 id., 509.    The only cases holding the promisor liable on his parol agreement, where the original debtor is not discharged, are those in which the agreement is supported by a new consideration passing between the newly contracting parties.    *Tomlinson v. Gell,* 6 Ad. & Ell., 564; *Nelson v. Boynton,* 3 Met., 396; *Mallory v. Gillett,* 21 N. Y., 412; *Dyer v. Gibson,* 16 Wis., 558; *Clapp v. Webb,* 52 id., 638. The statute of frauds is equally applicable whether the collateral promise is made before, at the time of, or subsequent to, the original promise.    Brandt on Suretyship, sec. 61.

For the respondents there was a brief by *J. R. & D. S. Rose,* and oral argument by *Mr. D. S. Rose:*

If the promise of the defendants was *original* it is valid; if collateral to the liability of another, it is within the statute and void.    *Tileston v. Nettleton,* 6 Pick., 509.    "A collateral promise is a promise made subsequent to the creation of the original debt."    *Leonard v. Vredenburgh,* 8

Johns., 29. In determining whether a promise is original or collateral the test to be applied is the question, "To whom was the credit given?" *Turton v. Burke*, 4 Wis., 119; *Gallup v. Smith*, 24 Ill., 587; *Williams v. Corbet*, 28 id., 263; *Hodges v. Hall*, 29 Vt., 209; *Hendricks v. Robinson*, 56 Miss., 694; *Darlington v. McCunn*, 2 E. D. Smith, 411; *Chapin v. Lapham*, 20 Pick., 470; *Northern Central Railway Co. v. Prentriss*, 11 Md., 119; *Barrett v. McHugh*, 128 Mass., 165; *Heywood v. Stiles*, 124 id., 275; *Nelson v. Boynton*, 3 Met., 400; *Chase v. Day*, 17 Johns., 114; *Rose v. O'Linn*, 10 Neb., 364; *Hall v. Wood*, 3 Pin., 308; *Brown v. Weber*, 38 N. Y., 189; *Johnson v. Gilbert*, 4 Hill, 178; *Jefferson Co. v. Slagle*, 66 Pa. St., 202; *Weyand v. Crichfield*, 3 Grant (Pa.), 113; *Warnick v. Grosholz*, id., 234; *Merriam v. Liggett*, 1 W. N. C. (Pa.), 379; *Sanborn v. Merrill*, 41 Me., 467; *Champion v. Doty*, 31 Wis., 190; *Ellicott v. Turner* 4 Md., 476; *Hendricks v. Robinson*, 56 Miss., 694. If the promise of the defendants was original, it is not necessary that there should have been any consideration moving between plaintiffs and defendants. The consideration was the harm done to the plaintiffs. *Chapin v. Merrill*, 4 Wend., 657; *Johnson v. Gilbert*, 4 Hill, 178; *Ellicott v. Turner*, 4 Md., 476; *Leonard v. Vredenburgh*, 8 Johns., 29; *Champion v. Doty*, 31 Wis., 190; *Merriam v. Liggett*, 1 W. N. C. (Pa.), 379.

ORTON, J. The defendants were contractors to build a certain railroad, and one W. S. Murray was a subcontractor under them, and issued orders and time checks to the men in his employ, which the plaintiffs paid, as merchants, in goods as they were presented from time to time to the amount for which this suit is brought. By the pleadings the liability of the defendants must rest upon a previous agreement between the parties, and all other questions, objections, and exceptions are merely technical and will not be noticed. Both

plaintiffs swear positively to an agreement with the defendants by *Edwin O'Hara*, before taking any such orders or checks, that they would pay them if presented on pay-day, and that such agreement was the sole inducement to their taking and paying them; and one of the plaintiffs testified that he informed *Edwin O'Hara* that they would not take them on the credit of Murray, for they had had trouble about getting their pay of him the year before, and that the defendants paid a large part of said orders and checks when presented, and finally offered to pay forty-five cents on the dollar for the balance. Such payments are admitted in the testimony of *Edwin O'Hara*, but he denies the agreement. The testimony of the plaintiffs in relation to the agreement was corroborated by the testimony of the witness Gallagher. The manner of payments by the defendants, as testified to by *Edwin O'Hara*, on the pay-roll of Murray, shows their interest in the general work, and certainly makes such an agreement very reasonable and probable. He says: "We generally paid our men first, and then we commenced on the subcontractors. Murray came in with his pay-roll and we paid his men first; *merchants* and boarding-houses came in afterwards," etc.

Without recapitulating the evidence or any considerable portion of it, for it is quite voluminous, it seems to us that it vastly preponderates in favor of the fact of such previous agreement, as testified to by the plaintiffs, and makes a clear case of the orders and checks taken and goods sold and delivered thereon by the plaintiffs on the sole credit of the defendants, and by the sole inducement of their agreement to pay the same. Whether treated as the purchase of the orders and checks or the sale of the goods, the principle of the defendants' liability is the same. Although in form the orders and checks of Murray, they are in substance and by this arrangement the orders and checks of the defendants, and the plaintiffs parted with their goods on their

credit alone. The questions pertinent to such a case and to the case made by the evidence, were fully submitted to the jury, and the jury must be presumed to have found that such an agreement was made, and that it was the independent and original agreement of the defendants, upon which the orders and checks were taken and the goods sold, and that exclusive credit therefor was given to them by the plaintiffs, and this by all authorities removes the case from the operation of the statute of frauds. In such a case it was the province of the jury to find upon all the evidence to whom the credit was given. *Doyle v. White*, 26 Me., 341; *Walker v. Penniman*, 8 Gray, 233; *Billingsley v. Dempewolf*, 11 Ind., 414; *Hanford v. Higgins*, 1 Bosw., 441.

On the general question that if the promise or undertaking is an original one, and not collateral to the liability of another, and the credit is exclusively given to the party so promising, the contract is binding and not within the statute of frauds, the authorities are too numerous to be cited, and only a few will be given here, and others will be preserved in the brief of the learned counsel of the respondent, to which reference may be had. *Williams v. Corbit*, 28 Ill., 262; *Chase v. Day*, 17 Johns., 114; *Brown v. George*, 17 N. H., 128; *Hall v. Wood*, 3 Pin., 308; *Turton v. Burke*, 4 Wis., 119; *Thayer v. Gallup*, 13 Wis., 539; *Champion v. Doty*, 31 Wis., 190; *Vogel v. Melms*, id., 306. None of the rulings of the court complained of appear to affect this main question on the merits of the case.

*By the Court.*— The judgment of the circuit court is affirmed.