JOEL THAYER *vs.* JAMES WILD.

A workman gave an order on his employer for forty-five dollars per month, to a shopkeeper, as security for future sales of goods by him to the workman. J. S. thereupon signed and delivered to the shopkeeper a writing in these terms: "For value received I guarantee to" the shopkeeper "that I will pay him the forty-five dollars per month, on condition that he does not carry the above order to" the workman's employer. The shopkeeper accordingly never presented the workman's order to his employer, and sold the workman goods from time to time, not exceeding forty-five dollars' worth in any month, for which the workman failed to pay and J. S. refused to pay on demand. *Held,* that the obligation of J. S. was an original promise, and not a mere guaranty of the debt of the workman; and that his liability thereon was not necessarily measured by the amount of that debt.

CONTRACT. Writ dated November 26, 1870. The declaration alleged " that Samuel Spencer was owing the plaintiff the sum of $32.58, for goods obtained from the plaintiff's shop, and the said Spencer executed and delivered to the plaintiff a written order " as follows: " Shelburne Falls, January 23, 1869. Lamson & Goodnow Manufacturing Co. Please pay to Joel Thayer forty-five dollars per month until notified by said Thayer to the contrary. For value received. Samuel Spencer;" and " the plaintiff agreed with said Spencer to sell and deliver to him from time to time goods from his said shop, provided the plaintiff ascertained from said Lamson & Goodnow Manufacturing Company that said order so drawn upon them would be accepted by them; and thereafter, on the same day, and before the plaintiff had seen any officer or agent of the said manufacturing company the de-

fendant, for a good and valuable consideration, made, executed and delivered to the plaintiff a written agreement" as follows: "1869, Jan. 23. For value received I guarantee to Joel Thayer that I will pay him the forty-five dollars per month, on condition that he does not carry the above order into the office of the Lamson & Goodnow Manufacturing Co. James Wild;" and "the plaintiff did not carry said order into the office of said company to any of the officers or agents of said company, but relied upon said agreement of the defendant, and the defendant refused to perform his said agreement with the plaintiff, and refused to pay to the plaintiff the amount he guaranteed to pay the plaintiff, although the plaintiff duly requested and demanded the same, and the plaintiff has thereby sustained damage to the amount of $86.12, the same being for goods delivered to said Spencer after the execution by the defendant of said agreement as aforesaid; and the defendant owes the plaintiff the amount of $86.12 and interest thereon." The answer denied all the plaintiff's allegations, and alleged that, if the defendant made any written agreement with the plaintiff, the plaintiff had waived all claim to further performance thereof.

At the trial in the superior court, before *Lord*, J., the plaintiff introduced evidence tending to show that on January 23, 1869, Spencer was owing him $32 for goods obtained from his shop, and signed and delivered to him the order of that date first set out in the declaration, and thereupon the plaintiff agreed to continue to deliver goods to him from the shop, provided that the plaintiff should ascertain from the proper officer of the Lamson & Goodnow Manufacturing Company that the company would accept the order and make payments on it monthly; that on the same day Wild signed and delivered to the plaintiff the other writing set out in the declaration, and the plaintiff did not carry Spencer's order into the office or to any officer or agent of the company; that the plaintiff thereafter delivered from his shop to Spencer goods to the value of $443.64, up to January 15, 1870, in no one month delivering more than $45 worth; that the defendant paid him from time to time, on account of his charges against Spencer for these goods, sums amounting to $357.52, the

last such payment being on January 27, 1870 ; that in delivering the goods to Spencer the plaintiff relied on the defendant's said written promise, and never waived it, and the defendant never rescinded it ; that, on two occasions during the time, the defendant directed the plaintiff to cease delivering goods to Spencer, because Spencer was on a spree, and the plaintiff ceased accordingly until the defendant requested that the deliveries should be resumed; that the defendant requested indulgence from time to time in respect to the sums due from him on Spencer's account ; that on January 27, 1870, the defendant, when he made his last payment, stated that he knew that he was responsible for the balance then remaining, and asked the plaintiff to give him time, that he might try to get the amount from Spencer ; that the plaintiff was accustomed to sign and give the defendant receipts for his payments, in form like the following, which was one of several such receipts called for by the plaintiff and put into the case : " Received, Shelburne Falls, May 22, 1869, of James Wild, thirty dollars on account of Samuel Spencer, and credited the thirty dollars to the account of Samuel Spencer ; " that on January 15, 1870, the plaintiff stopped delivering goods to Spencer, who on that day left the town ; and that after his said last payment on January 27, 1870, the defendant refused to pay more. It was admitted that Spencer was a mechanic in the employment of the Lamson & Goodnow Manufacturing Company, and that between February 27, 1869, and January 22, 1870, the defendant drew from the company $444.52 on orders from him.

At the close of the plaintiff's evidence the judge ruled that it would not sustain the action, and directed a verdict for the defendant. The plaintiff alleged exceptions.

*G. W. Bartlett*, for the plaintiff.

*S. T. Field*, for the defendant.

MORTON, J. The evidence at the trial tended to show that the plaintiff, for the purpose of obtaining security for goods which he contemplated selling to Spencer, had procured from him an order upon the Lamson & Goodnow Manufacturing Company for forty-five dollars per month. Before this order was presented for acceptance, the defendant signed and delivered the following

paper : " 1869, Jan. 23. For value received I guarantee to Joel Thayer that I will pay him the forty-five dollars per month, on condition that he does not carry the above order into the office of the Lamson & Goodnow Manufacturing Co." The plaintiff did not present the order, and thus the condition precedent was performed and the defendant's promise became operative. Relying upon this promise, the plaintiff sold to Spencer goods from time to time up to January 1870. We are of opinion that this was an original promise of the defendant and not a guaranty of a debt of Spencer. The defendant and Spencer were not concurrently liable to pay the same debt. The promise is not to pay for goods furnished to Spencer to an amount not exceeding forty-five dollars per month, but an absolute promise to pay that amount. The words " I guarantee," in the connection in which they are used, are equivalent to " I promise." The liability of the defendant is not necessarily measured by the amount of the debt due from Spencer to the plaintiff. The fact that it was intended as security for the debt of Spencer does not destroy its character as an original contract. It is the same in principle as if the plaintiff had taken a promissory note of a third party to secure any balance which might be due by Spencer. Though it is security, it is not a promise to answer for the same debt.

If the contract in suit be thus regarded as an original promise, we think the evidence in the case would justify the jury in finding for the plaintiff under his declaration, and that the ruling directing a verdict for the defendant because the evidence did not support the declaration was erroneous. The declaration is inartificially drawn, but it alleges in substance that the defendant signed and delivered the written agreement for a good and valuable consideration, that the plaintiff did not present the order referred to in it to the company, and that the defendant has refused to perform his agreement. There was evidence which tended to prove these averments, and we think the case should have been submitted to the jury. *Exceptions sustained.*