## ESBERG–BACHMAN LEAF–TOBACCO CO. v. HEID.

### (District Court, D. Alaska. July 21, 1894.)

**AGREEMENT TO PAY ANOTHER'S DEBT—SUFFICIENCY OF COMPLAINT.**

In an action on a contract whereby defendant agreed to pay to plaintiff an indebtedness of a third person for goods sold such third person "when and as soon as the same should thereafter become due," executed at the time of the sale, and as a part of the same transaction, plaintiff need not allege either that he has exhausted his legal remedies against such third person, or that he is insolvent.

Action at law by the Esberg-Bachman Leaf-Tobacco Company against John G. Heid on a written contract. Defendant demurred to the complaint. Demurrer overruled.

Bugbee & Blackett and Lytton Taylor, for plaintiff.

Johnson & Heid, for defendant.

TRUITT, District Judge. This is an action brought on a written guaranty by defendant to pay an indebtedness of one T. Cohen for certain goods, wares, and merchandise, of the price and value of $427.79, sold and delivered by plaintiff to said Cohen, for which he agreed to pay at the expiration of four months from the 19th day of January, 1892,—the date of the sale of said goods, wares, and merchandise. After alleging the sale and delivery of the goods, the promise to pay, and that the whole of the purchase price still remains due and wholly unpaid, the complaint sets out the following to show defendant's liability herein:

"That said defendant, for and in consideration of said sale and delivery of said goods, wares, and merchandise to said T. Cohen at the times aforesaid, and as a part of the same transaction, promised and agreed, by his certain instrument in writing bearing date December 15, 1891, that he would

pay to plaintiff the said indebtedness of said T. Cohen when and as soon as the same should thereafter become due, viz. on or about May 19, 1892; that said defendant, although knowing full well that said T. Cohen had failed and neglected to pay said indebtedness, or any part thereof, when the same thereafter became due, and although often requested by plaintiff to pay such indebtedness of said T. Cohen, has failed and neglected and refused, and still fails, neglects, and refuses, to pay the same, or any part thereof."

The defendant has interposed a general demurrer as a defense. To sustain the demurrer, it is urged that plaintiff must allege in the complaint that he has used due diligence to collect his demand from the principal debtor, and that he has exhausted all his legal remedies against him without avail, or that he is insolvent and unable to pay the said indebtedness, or any part thereof. But, to charge the defendant under such a contract as is alleged in the complaint, the plaintiff is not required to allege or prove either that he has exhausted his legal remedies against the principal debtor, or his insolvency. The terms of the guaranty must always determine and fix the nature and extent of the guarantor's liability. In this case there is an absolute obligation for the payment of said indebtedness if Cohen failed to pay it as soon as due, not a guaranty that the money can be made out of him by due diligence. It is not a conditional obligation to be affected by contingencies, but a plain contract to pay the plaintiff for said goods, wares, and merchandise when payment therefor should become due. Rand. Com. Paper, § 850, makes this distinction very clear. "A guaranty," says this author, "may be absolute (that is, for the payment of the bill or note), or conditional (that is, a guaranty that it is collectible by due diligence). One who guaranties payment becomes absolutely liable on any default of payment by his principal." In the case of City of Memphis v. Brown, 20 Wall. 294, it is held that "upon guaranty of payment, and not collection merely, a suit may be commenced against the guarantor without any previous suit against the principal." Also, see Whiting v. Clark, 17 Cal. 407, and Hanna v. Savage (Wash.) 35 Pac. 127. But in this case, under the contract alleged in the complaint, I am not certain that the defendant stands in the relation of a guarantor to the plaintiff. It is alleged that, as a part of the transaction of purchasing the said goods, wares, and merchandise, the defendant promised he would pay to plaintiff the said indebtedness "when and as soon as the same should thereafter become due." Now, it seems to me that the effect of this contract is such as to make defendant the absolute debtor of plaintiff, or at least a joint and several debtor with said Cohen, if considered in connection with the other allegation of the complaint,—that, at the time of the purchase of the goods, Cohen promised to pay for them when payment therefor should become due,—in which case plaintiff might properly sue either one or both of them. But, whether defendant herein be considered as a guarantor or original debtor, the complaint shows a good cause of action, and the demurrer must be overruled.