GREEN and another, Respondents, vs. HADFIELD, Appellant.

*November 20 — December 11, 1894.*

*Contracts: Statute of frauds: Consideration: Evidence: Voluntary assignment.*

1. Plaintiffs, who held as security for a debt to them a bill of sale of a part of their debtor's personal property, made an agreement with him and the defendant by which the debtor with plaintiffs' consent transferred to the defendant all or nearly all of his property,

including that covered by the bill of sale, and plaintiffs surren-
dered the bill of sale to defendant, who, in consideration of such
transfer and release, promised orally to pay the debt to plaintiffs.
*Held*, that defendant's promise, though in form a promise to pay
the debt of another, was in fact a promise to pay his own debt in
a particular way; and although the bill of sale had not been filed
its surrender was a consideration moving directly from plaintiffs
to defendant.

2. Evidence of prior conversations between the debtor and the defend-
ant, when plaintiffs were not present, was not admissible to show
the terms of the tripartite agreement.

3. The transaction did not amount to a voluntary assignment by the
debtor for the benefit of creditors. If it were so, it would be void
only as to creditors who attacked it, which plaintiffs have not
done.

APPEAL from a judgment of the superior court of Mil-
waukee county: R. N. AUSTIN, Judge. *Affirmed*.

Action upon contract. The plaintiffs were partners.
They alleged in their complaint that on the 30th of January,
1892, one C. H. Hadfield was indebted to them upon three
promissory notes, aggregating nearly $3,200, and that at
that time said C. H. Hadfield had a considerable amount of
personal property, upon a portion of which the plaintiffs
had security for said indebtedness; that on said date said
C. H. Hadfield made an agreement with the defendant,
*Joseph Hadfield*, in the presence of the plaintiffs, by which
he transferred to said *Joseph* said personal property, and, in
consideration of the transfer, *Joseph* agreed to pay all the
debts of said C. H. Hadfield, including the indebtedness to
the plaintiffs, and that they then and there consented to said
agreement, and released their claim and security upon said
property; that no part of the notes have been paid, though
demand for such payment has been made on the defendant.

The answer admitted the indebtedness of C. H. Hadfield
to the plaintiffs, and that said C. H. Hadfield transferred
the personal property to the defendant, but alleged that such
transfer was made solely in payment of certain debts then

owing from said C. H. Hadfield to him, and as security for his indorsement of certain notes of said C. H. Hadfield, and denied all other allegations of the complaint. ·

Upon the trial the following special verdict was rendered: "(1) At the interview between these parties on the 30th day of January, 1892, did the defendant promise and agree to pay the plaintiffs' indebtedness which C. H. Hadfield or Hadfield & Company owed them? *A.* Yes. (2) Did C. H. Hadfield or Hadfield & Co. transfer to the defendant his property described in the bill of sale offered in evidence, which formed a consideration, in whole or in part, for such promise? *A.* Yes. (3) If you answer the first question in the affirmative, did the plaintiffs participate and concur in the agreement, and accept the promise of the defendant to pay the indebtedness of C. H. Hadfield or C. H. Hadfield & Co. to them? *A.* Yes. (4) Did the plaintiffs, at the same time, surrender to the defendant the bill of sale which had previously been given to them by C. H. Hadfield or Hadfield & Co. to secure the indebtedness which the latter owed them? *A.* Yes. (5) If you answer the first question in the affirmative, did the defendant accept such bill of sale in pursuance of such agreement and as a part thereof? *A.* Yes. (6) If the court shall be of the opinion that the plaintiffs are entitled to recover in this action, at what sum do you assess the damages? *A.* $3,356.82." From judgment on this verdict for the plaintiffs, the defendant appealed.

For the appellant there were briefs by *Frank M. Hoyt,* attorney, and *Geo. E. Sutherland,* of counsel, and oral argument by *Mr. Sutherland.*

For the respondents there was a brief signed by *W. J. Turner,* of counsel, and *Turner & Timlin,* attorneys, and oral argument by *Mr. Turner.*

WINSLOW, J. The several contentions made by the defendant will be taken up in their order.

Green, and another vs. Hadfield.

1. The objection that the verdict is contrary to the evidence is untenable. Examination of the record discloses sufficient evidence to sustain all of the findings of the special verdict.

2. It is next objected that the alleged promise of the defendant was a promise to pay the debt of a third person, and hence void because not in writing. The facts established by the verdict or by uncontradicted evidence, which bear upon this question, are briefly as follows: The plaintiffs had a bill of sale of a part of the personal property in question, given by C. H. Hadfield to them January 13, 1892, which was in fact given as security for present and future indebtedness, which bill of sale had never been filed. On the 30th day of January, 1892, the plaintiffs met C. H. and *Joseph Hadfield* at a law office in Milwaukee. At this meeting, after lengthy negotiation, an agreement was reached by which C. H. Hadfield, with the consent of the plaintiffs, transferred all, or nearly all, of his property, including that covered by the unrecorded bill of sale, to *Joseph*, and the plaintiffs surrendered to him their bill of sale; and in consideration of the transfer and release *Joseph* orally promised to pay the debt to the plaintiffs, and immediately took possession of the property and business. This statement of facts renders it quite clear that *Joseph's* promise, although in form a promise to pay the debt of another, was in fact a promise to pay his own debt in a particular way. *Johannes v. Phenix Ins. Co.* 66 Wis. 50. There was not only a consideration for this promise moving from C. H. Hadfield to the defendant, but also a consideration moving directly from the plaintiffs to the defendant, consisting of the surrender of the bill of sale. It is said that this bill of sale was void, except as between the parties, because it was in substance a chattel mortgage and had not been filed. It was not, however, entirely valueless to the plaintiffs, and its release was clearly a benefit to the defendant. It was capable of

immediate filing prior to the close of the negotiations between the parties, and, moreover, the parties evidently treated it as a valid lien.     *Weisel v. Spence*, 59 Wis. 301; *Young v. French*, 35 Wis. 111; *Hewett v. Currier*, 63 Wis. 387.

3. Upon the trial the defendant offered to prove certain conversations which took place between himself and C. H. Hadfield three weeks prior to the meeting of the parties at Milwaukee, as tending to prove what the terms of the contract actually were. This testimony was excluded, and undoubtedly correctly excluded. The contract sued on is a tripartite contract made at the meeting of the three parties. Upon familiar principles, its terms could not be affected, as to one of the parties, by conversations between the other two in his absence.

4. The contention that the transaction between the parties was void because it amounted to a voluntary assignment for the benefit of creditors is palpably untenable. Even if the contention were correct, it would only be void as to creditors who attacked it, and this the plaintiffs have not done. By this very action they directly affirm it.

A point is made that the trial judge incorrectly stated to the jury that the defendant handed the plaintiffs' bill of sale to an attorney who was present, when the defendant's evidence was that the attorney took it out of his hand. Examination of the context shows that the difference between the two statements is trivial and could not mislead the jury.

*By the Court.*— Judgment affirmed.