DROVERS' DEPOSIT NATIONAL BANK, Respondent, vs. TICHE-
NOR, imp., Appellant.

*February 6—February 24, 1914.*

*Contracts: Validity: Statute of frauds: Promise to pay debt of an-
other: "Guaranty:" Absolute promise: Consideration.*

1. Where certain stockholders of a corporation, by an agreement in
   writing reciting their interest in the business of the corpora-
   tion and their desire to assist it in obtaining credit and
   money, promised that if the plaintiff bank would discount
   certain promissory notes of one N. held by such corporation
   they would pay the same at maturity, such writing was not a
   mere collateral agreement to answer for the debt or default of
   another but an original promise by the signers to pay what
   became under the agreement their own debt.
2. Although such instrument was called therein a "guaranty," its
   nature is determined by its terms, which are those of an ab-
   solute and unconditional promise to pay.
3. The word "guaranty" is often used as a synonym for promise,
   and to denote an absolute agreement.
4. Such writing having been executed in Illinois and the notes
   being payable in London, England, if it should be construed
   as an agreement to answer for the debt or default of another
   it would be governed by the Illinois or English statute of
   frauds, neither of which requires that the consideration be
   expressed in the writing.
5. Both the statutes referred to require a consideration to sup-
   port such a promise; but a consideration may consist of a
   benefit to the promisor or a detriment to the promisee, and
   the discounting of the notes by the promisee in reliance upon
   the promise was a sufficient consideration.
6. It is not intended to hold that, upon the facts as stated, the
   agreement, even if construed as a promise to answer for the
   debt of another, would not be valid under our statute of frauds.

APPEAL from an order of the circuit court for Waukesha
county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

This is an appeal from an order overruling a demurrer to
the amended complaint in the action. The complaint alleged
that plaintiff was a national banking corporation doing busi-
ness at Chicago, Illinois; that the Tichenor-Grand Company

was a corporation also doing business in the state of Illinois; that the defendants *Tichenor,* Grand, and Newgass were stockholders in said Tichenor-Grand Company, and that the defendant *Tichenor* was the president of such company; that on July 27, 1908, one Nicholson executed and delivered to the Tichenor-Grand Company five promissory notes, dated at London, July 27, 1908, and payable July 27, 1910; that in and by each of said notes said Nicholson promised and agreed to pay the Tichenor-Grand Company or order, at Parr's Bank, London, the sum of two thousand and fifty pounds sterling; that the sum agreed to be paid by said five promissory notes aggregated ten thousand two hundred and fifty pounds sterling, and that a copy of one of said notes is made a part of the complaint; that on the 30th day of September, 1909, the Tichenor-Grand Company was the owner of and holder of said five promissory notes, and that on said day the defendants entered into an agreement with the plaintiff, whereby the defendants promised and agreed, in consideration of the plaintiff purchasing and discounting said five promissory notes, that they would pay the said notes at maturity according to the tenor thereof, and that a true copy of said agreement is annexed to the complaint and marked Exhibit B; that in performance of said agreement, relying upon the same, and in consideration thereof, the plaintiff discounted to the Tichenor-Grand Company said five promissory notes, and paid said company the sum of $9,983.50 for each of said promissory notes, less the discount thereof, and that said Tichenor-Grand Company did then and there indorse and deliver over to said plaintiff the said five promissory notes; that plaintiff demanded payment of said notes at maturity, and that four of said notes were paid, but that Exhibit A remains unpaid; that defendants have been requested to pay the same and have neglected to do so; that plaintiff is the owner of said note, and there is now due and owing from

the defendants the sum of $9,983.50 with interest from July 27, 1910, no part of which has been paid.

The complaint then sets out the Illinois statute of frauds applicable to cases where one person agrees to answer for the debt, default, or miscarriage of another. Among other things the statute pleaded provides: "The consideration of any such promise or agreement need not be set forth or expressed in writing, but may be proved or disproved by parol or other legal evidence."

The complaint further sets forth the English statute of frauds, which contains a provision substantially similar to that of the Illinois statute above quoted.

Exhibit B attached to the complaint reads as follows:

"Chicago, Illinois, September 30, 1909.
"To the *Drovers' Deposit National Bank* of Chicago, Illinois:

"The undersigned being interested in the business success of the Tichenor-Grand Company, a corporation, and desire to assist it in obtaining credit with you and money from you, hereby request you to discount for the said Tichenor-Grand Company five (5) promissory notes of 2,050 pounds each made and executed by Alfred J. Nicholson dated at London, July 27, 1908, and payable July 27, 1910, aggregating in all the sum of 10,250 pounds sterling.

"We do hereby promise and agree to pay said notes at maturity, according to the tenor thereof, and we do hereby waive notice of the acceptance of this guaranty.
                          "M. H. TICHENOR.
                          "W. D. GRAND.
                          "LOUIS H. NEWGASS."

The demurrer was interposed on the ground that the complaint did not state a cause of action because the agreement between the defendants and the plaintiff was *nudum pactum*.

For the appellant there was a brief signed by *Edw. O'Bryan* and *Wm. N. Marshall,* attorneys, and *McGee, Jeger & Klingelhoefer* and *E. J. Henning* and *Michael M. Hoyt,* of counsel, and oral argument by *Mr. O'Bryan.* They con-

tended, *inter alia,* that under the English and Illinois stat-
utes, as well as under that of Wisconsin, a sufficient consid-
eration is required; and if the promise is made after the debt
is incurred there must be a new and sufficient consideration.
The agreement in question is clearly a guaranty of an exist-
ing debt of another person, and there must be something more
than an incidental benefit or advantage resulting to the prom-
isor to take the case out of the statute; citing many cases.

For the respondent there was a brief by *Newton W. Evans,*
attorney, and *Miller, Mack & Fairchild,* of counsel, and oral
argument by *J. G. Hardgrove.*

BARNES, J.     The appellant contends that the agreement
sued on is void because it was a promise to pay the debt of
another and the writing does not express the consideration
therefor and because there was no consideration in fact to
support the promise.

The complaint alleges that defendants agreed, in consid-
eration of the plaintiff purchasing the notes referred to in
the statement of facts, that they would pay the same at ma-
turity, and that in performance of said agreement and rely-
ing on the same and in consideration thereof plaintiff paid
$9,983.50 to the Tichenor-Grand Company for the note in-
volved in this suit.     The demurrer admits these averments
to be true.     By Exhibit B the defendants agreed "to pay the
notes at maturity according to the tenor thereof," because
they were interested in the business of the corporation which
owned the notes and desired to assist it in obtaining credit
and money from the plaintiff.

As to the plaintiff, the transaction did not involve any pre-
existing obligation.     Neither the maker of the note nor the
payee nor the defendants owed the plaintiff anything when
the agreement sued on was made.     The complaint sets forth
that the plaintiff, relying on the promise to pay made by the
defendants, parted with $9,983.50.     This is not a mere col-

lateral agreement to answer for the debt or default of another, but an original promise by the defendants to pay what became under their agreement their own debt. *Shook v. Vanmater,* 22 Wis. 532; *Vogel v. Melms,* 31 Wis. 306; *Young v. French,* 35 Wis. 111; *Weisel v. Spence,* 59 Wis. 301, 18 N. W. 165; *Green v. Hadfield,* 89 Wis. 138, 61 N. W. 310; *Champion v. Doty,* 31 Wis. 190; *Hall v. Wood,* 3 Pin. 308; *West v. O'Hara,* 55 Wis. 645, 13 N. W. 894; *Mc-Naughton v. Conklings,* 9 Wis. 316. It will be noticed that the signers of Exhibit B called it a guaranty. The nature of the instrument should determine its character, rather than the name which the parties applied to it. The agreement in form is not to guarantee payment of the notes if the maker did not pay them, but the defendants say: "We do hereby promise and agree to pay said notes." There is no alternative provided for. While the word "guaranty" ordinarily means an undertaking to answer for the debt or the performance of a duty by another in case such other fails to pay or perform, colloquially it is frequently used in reference to an original undertaking. The cases recognize the fact that the word is often used as a synonym for "promise," and to denote an absolute agreement. *Esberg-Bachman L. T. Co. v. Heid,* 62 Fed. 962, 963; *Packer v. Benton,* 35 Conn. 343, 348; *Delsman v. Friedlander,* 40 Oreg. 33, 66 Pac. 297, 298; *Thayer v. Wild,* 107 Mass. 449, 452; *Gaster v. Ashley,* 1 Ark. 325, 333.

If the agreement should be construed as one wherein the signers undertook to answer for the debt of another, the complaint states a good cause of action. The contract was made in Illinois and the note was payable in London. It is alleged that while the English and Illinois statutes of frauds require such a promise to be in writing, they do not require that the consideration for the promise be expressed in the writing. In this they are unlike our statute (sec. 2307). There must, however, be a consideration in fact in order to support a

promise under the English and Illinois statutes. A consideration may consist of a benefit to the promisor or a detriment to the promisee. *Messenger v. Miller,* 2 Pin. 60; *Eycleshimer v. Van Antwerp,* 13 Wis. 546; *Hewett v. Currier,* 63 Wis. 386, 23 N. W. 884; *Dohr v. Wolfgang,* 151 Wis. 95, 97, 138 N. W. 75; *Gegare v. Fox River L. & L. Co.* 152 Wis. 548, 557, 140 N. W. 305. The complaint shows that plaintiff parted with nearly $50,000 of its money on the strength of the defendants' promise. This is a pretty substantial consideration. The appellant seems to think that the consideration must move from the promisor directly to the promisee and must be beneficial to the latter in order to satisfy the statute. This is no doubt due to a misapplication of a rule of law which has been established in a class of cases very different from the one we are considering. It has been held that where a promise is collateral and is not in writing, or the writing does not express the consideration, and where the promisee has already parted with his money or property, the promise is not within the statute if the promisee actually pays to the promisor a consideration beneficial to the latter for his undertaking. Manifestly this rule has nothing to do with the case before us.

Neither do we intend to intimate that the agreement, read in connection with the allegations of the complaint, is not valid under our statute of frauds. Aside from the interest which the defendants had in the corporation, it appears that the money was paid after the agreement was made and on the strength of it. See *Williams v. Ketchum,* 19 Wis. 231; *Young v. Brown,* 53 Wis. 333, 10 N. W. 394; *Eastman v. Bennett,* 6 Wis. 232; *Waldheim v. Miller,* 97 Wis. 300, 72 N. W. 869; *Coxe Bros. & Co. v. Milbrath,* 110 Wis. 499, 86 N. W. 174; *Miami Co. Nat. Bank v. Goldberg,* 133 Wis. 175, 113 N. W. 391; *Sentinel Co. v. Smith,* 143 Wis. 377, 127 N. W. 943.

*By the Court.*—Order affirmed.