HEMENWAY, Appellant, vs. CONNOR LUMBER & LAND
COMPANY, Respondent.

*November 15—December 13, 1921.*

*Logs and logging: Claim of teamster: Promise of owner to pay:
Conditional agreement: Claim for lien: Failure to file because
of act of owner: Evidence: Sufficiency.*

1. Where defendant expressed a willingness to pay plaintiff's
   claim for logging work done for one of its contractors if
   plaintiff would furnish an itemized statement of the time he
   and his team were engaged on the work, and the plaintiff did
   not do this, there was not an unconditional promise of the
   defendant to pay the claim.
2. Since the evidence does not show any agreement on the part
   of plaintiff to refrain from asserting his lien against the logs,
   and after he had made final demand of the defendant six days
   still remained within which he might file his lien, it is *held*
   that plaintiff was not induced to forego his lien by reason of
   the negotiations with defendant.

APPEAL from a judgment of the circuit court for Oconto
county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

Action for breach of contract. The facts are set forth in
the opinion.

For the appellant there was a brief by *Lehner & Lehner* of
Oconto Falls, attorneys, and *Otto L. Lehner* of Madison, of
counsel, and oral argument by *Philip Lehner* of Princeton.

For the respondent there was a brief by *Goggins, Brazeau
& Goggins* of Wisconsin Rapids, and oral argument by
*Hugh W. Goggins.*

DOERFLER, J. This is an action on contract brought by
the plaintiff, *Hemenway,* against the defendant, *Connor
Lumber & Land Company,* to recover for the alleged rea-
sonable value of labor of the plaintiff and of his team in
decking and loading logs for one Russell Collins, the prin-
cipal contractor under said defendant.

Plaintiff claimed that he entered into an agreement with

said Collins by which Collins agreed to pay him $1.25 per thousand feet for the loading and decking of certain logs. The work was performed during the winter of 1916-1917, and the plaintiff ceased working on April 5, 1917. Thereafter Collins gave the plaintiff an order upon the defendant for $660.10, alleged balance due the plaintiff, which order the plaintiff presented to one Kissinger, the manager of the defendant's plant at Laona, Wisconsin, and this order was not honored by said Kissinger for the reason, as was claimed, that there was no money due said Collins.

On April 7, 1917, correspondence pertaining to plaintiff's claim opened between the parties, and from such time until the 28th day of May, 1917, numerous letters passed between them, and such correspondence constitutes substantially all the material evidence in the case. The plaintiff requested payment of his claim, and the defendant from time to time insisted that the plaintiff furnish an itemized statement of the actual time he and his team were engaged in performing the work in question. Pursuant to defendant's request for such itemized statement the plaintiff mailed to the defendant a statement containing numerous items, the principal item being one in which the plaintiff made a charge of $860.10 for loading and decking logs at $1.25 per thousand. To this statement so sent the defendant took exception, and repeatedly called plaintiff's attention to the fact that such statement did not comply with its request. The statement requested was never furnished.

On May 26, 1917, the plaintiff sent the defendant an ultimatum by which he informed the defendant that, unless the defendant mailed him a check for the amount of plaintiff's claim by return mail, he would enter the same for collection. Plaintiff's claim was not paid, and on June 4, 1917, the action was begun.

The issues involved were submitted to a jury on a special verdict, in which the jury found (1) that the plaintiff

worked for seventy-three days; (4) that the going wage in Forest county for work such as the plaintiff claimed to have performed was $5 per day; (3) that the plaintiff's team worked for seventy-three days; (4) that the going wage for such services at the place of performance was $3 per day (the latter question being answered by the court) ; (5) that the plaintiff was induced to refrain from filing his petition for a lien by reason of the correspondence had with the defendant company; (6) that the plaintiff did not have a reasonable time in which to file his petition for lien between May 26 and June 1, 1917.

Under the provisions of sec. 3330 of the Statutes the time for filing a claim for lien by the plaintiff expired on the 1st day of June, 1917. Assuming that the plaintiff had a valid claim for lien under the provisions of said statute, or if plaintiff had contended in good faith, during the negotiations, that he was entitled to a claim for lien, and if the defendant, in order to avoid a lien claim, had promised to pay plaintiff's claim upon the condition that plaintiff would refrain from asserting his lien rights, such promise of the defendant would be enforceable against it. It nowhere appears, however, in the correspondence that plaintiff laid claim to lien rights; on the contrary, he threatened collection of his claim unless defendant paid him within a certain time. Assuming, however, that the plaintiff had made claim to lien rights, it nowhere appears that the defendant unconditionally agreed to pay plaintiff's claim. On the contrary, it appears affirmatively that the defendant insisted from time to time upon plaintiff's furnishing a statement of the actual time of work and labor performed by him and his team. Plaintiff's attention was repeatedly directed to the necessity of furnishing such statement. Inasmuch as the defendant expressed a willingness to pay plaintiff's claim only upon condition that the requested statement be furnished, and such statement in fact having never been furnished, there was no unconditional

promise on defendant's part to pay. Furthermore, the evidence does not show that there was an agreement on the part of the plaintiff to refrain from asserting his lien claim.

In that respect this case differs materially from the case of *Young v. French,* 35 Wis. 111. In that case the defendant agreed to become individually responsible for plaintiff's claim, and agreed to pay the same if the plaintiff would forbear to sue or desist from enforcing a claim for lien. The court in its opinion uses this language:

"Assuming that these facts were established by the evidence, the question arises, Was the defendant's promise valid? We think the question must be answered in the affirmative. The promise was founded upon a new and distinct consideration moving from the plaintiff to the defendant." *Dyer v. Gibson,* 16 Wis. 557; *Hewett v. Currier,* 63 Wis. 386, 23 N. W. 884.

It is also contended by the plaintiff that the defendant at all times had the itemized statement requested by it and that therefore plaintiff was not obliged to furnish such statement. The evidence shows that Collins, the principal contractor, had a time-book showing the time that plaintiff and his team were engaged in the work in question, and this time-book, which constituted the only record evidence of such time, was in Collins's possession and was not delivered or shown to the defendant until the time of the trial.

The evidence in question cannot by any stretch of the imagination be construed as proving that the plaintiff was induced not to file his claim for a lien in time by reason of the correspondence had with the defendant company; and it also appears quite clearly that after the 26th day of May, 1917, the plaintiff still had adequate time within which to file a claim for lien had he desired to do so. The trial court therefore was justified in changing the answers to the questions of the special verdict as above set forth and in directing judgment for the defendant.

*By the Court.*—Judgment affirmed.