Rescript Opinions.

JOSEPH W. MACALLISTER & another *vs.* ROBERT C. HOSLEY (and a companion case). March 3, 1967. These are two actions of contract. The declaration in each case is the same and consists of two counts, one on an account annexed for goods sold and delivered, the other in quantum meruit. The answer of each defendant included the defence of res adjudicata. The trial judge directed verdicts for the defendant in each case on both counts. The cases are before us on the plaintiffs' bills of exceptions. The defendants introduced in evidence the record in a case which was tried in the Fourth District Court of Plymouth County. In that case the plaintiffs in the cases at bar had brought an action against the defendants in the cases before us as copartners, for the same cause of action as in the instant cases. There was a finding for the defendants in the District Court. The plaintiffs contend that the present cases are not res adjudicata because they are "brought against the defendants as individuals and not as copartners." We do not agree. There is nothing in the record to indicate that the case in the District Court was not tried on its merits. The judge in that court could have made a finding against the defendants individually or jointly. *Taft* v. *Church,* 162 Mass. 527, 533. *Phelps* v. *Shawprint, Inc.* 328 Mass. 352, 359. See G. L. c. 231, § 4A; G. L. c. 235, § 6.

*Exceptions overruled.*

*Richard E. Knowles* for the plaintiffs.
*Edmund W. Nutter* for the defendants.

ROSE MCNAMARA, special administratrix, *vs.* JOHN J. CARUSO & another. March 30, 1967. Based on oral testimony which is reported the probate judge made a comprehensive report of material facts and entered a decree that, by virtue of a deed executed September 4, 1964, by the decedent to her son and his wife, title to real estate at 200 Reservation Road, Hyde Park, Massachusetts, was in the grantees. The plaintiff, as special administratrix of the estate of the decedent, appeals from the decree. She sought to set aside the conveyance on the grounds of fraud and undue influence by the grantees and of unsoundness of mind of the decedent. The judge found that although the son, to the knowledge of the decedent, "had taken gross advantage of her," he "continued to be the apple of her eye," and that "the conveyance of her home to him and his wife was pursuant to her independent wish and was made with her full understanding at a time when she was mentally competent." We cannot say that the judge was plainly wrong. *Hiller* v. *Hiller,* 305 Mass. 163.

*Decree affirmed.*

*William B. Baker (Alphonse Sancinito* with him) for the plaintiff.
No argument or brief for the defendants.